# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION
# CASE NUMBER:

| | |
|---|---|
| USAA Casualty Insurance Company,<br><br>         Plaintiff,<br>v.<br><br><br>303 Associates, LLC, Beaufort Inn, LLC,<br>Graham B. Trask,<br><br>         Defendants. | Civil Action No. 9:25-cv-11281-BHH<br><br>**COMPLAINT**<br>**(DECLARATORY JUDGMENT)**<br>**(Non-Jury)** |

  Plaintiff, USAA Casualty Insurance Company (hereinafter "Plaintiff"), by and through its undersigned counsel, seeks declaratory relief to determine the rights of the parties and alleges and shows as follows.

## JURISDICTION AND VENUE

  1. Plaintiff is an insurance company organized and existing pursuant to the laws of the State of Texas, with its principal place of business in the State of Texas. Plaintiff is authorized to conduct business in the State of South Carolina and does conduct business in the State of South Carolina.

  2. Upon information and belief, Defendant 303 Associates, LLC (hereinafter "Defendant 303 Associates") is a limited liability company organized and existing pursuant to the laws of the State of Georgia, with its principal place of business in the State of South Carolina.

  3. Upon information and belief, Defendant Beaufort Inn, LLC (hereinafter "Defendant Beaufort Inn") is a limited liability company organized and existing pursuant to the laws of the State of Georgia, with its principal place of business in the State of South Carolina.

4. Upon information and belief, Defendant Graham B. Trask (hereinafter "Defendant Trask" or "insured") is a citizen and resident of Switzerland and Staatsburg, New York.

5. Upon information and belief, the conduct that gives rise to this insurance dispute and the facts underlying the complaint occurred in Beaufort County in the State of South Carolina.

6. This action is brought under the provisions of the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq. and Rule 57 of the Federal Rules of Civil Procedure; there is a real and justiciable controversy between the parties, and by these proceedings Plaintiff asks this court to inquire into and declare the rights and obligations of the parties arising out of the facts set forth below.

7. The amount in controversy exceeds seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interests and costs, and there is complete diversity of citizenship; therefore, this Court has jurisdiction to hear this matter under 28 U.S.C. § 1332(A)(1).

8. Venue is proper in this Division and this Court under 28 U.S.C. 1391(b)(1) and (2).

## THE POLICY

9. Plaintiff repeats and realleges the allegations above as if set forth verbatim below.

10. Plaintiff issued an auto policy to Graham B. Trask, Policy No. CIC 01111 60 38 90A, with effective dates of January 1, 2023, to January 1, 2024 (hereinafter, "Policy"). A true and accurate copy of the Policy is attached hereto as Exhibit A.

11. The Policy provides coverage for a residence located at 68 Fiddlers Bridge Road, Staatsburg, New York, and provides liability coverage in the amount of $1,000,000 per occurrence.

12. Section II – Liability Coverages of the Policy states, in pertinent part:

### SECTION II – LIABILITY COVERAGES
**COVERAGE E - Personal Liability**

If a claim is made or a suit is brought against any "**insured**" for "**damages**" because of "**bodily injury**" or "**property damage**" caused by an "**occurrence**" to which this coverage applies, we will:

1. Pay up to our limit of liability for the "damages" for which the "insured" is legally liable; and
2. Provide a defense at our expenses by counsel of our choice . . . .

\*\*\*

We will not pay for punitive damages or exemplary damages, fines or penalties.

\*\*\*

§

13. Section II – Exclusions of the Policy states, in pertinent part:

## SECTION II – EXCLUSIONS

1. **Coverage E - Personal Liability and Coverage F - Medical Payments to Others** do not apply to "**bodily injury**" or "**property damage**":

    a. Which is reasonably expected or intended by an "**insured**" even if the resulting "**bodily injury**" or "**property damage**":

        (1) Is of a different kind, quality or degree than initially expected or intended; or
        (2) Is sustained by a different person, entity, real or personal property, than initially expected or intended.

        However, this exclusion does not apply to "**bodily injury**" resulting from the use of lawful reasonable force by any "**insured**" to protect persons or property.

    b. (1) Arising out of or in connection with a "**business**" engaged in by any "**insured**".
    This exclusion applies but is not limited to an act or omission, regardless of its nature or circumstance, involving a service or duty rendered, promised, owed or implied to be provided because of the nature of the **"business"**.

\*\*\*

    d. Arising out of a premises:
    (1) Owned by any "**insured**"; or
    (2) Rented to any "**insured**"; or
    (3) Rented to others by any "**insured**";
    That is not an "**insured location**";

\*\*\*

**2. Coverage E - Personal Liability does not apply to:**
    g. Punitive or exemplary damages, fines, or penalties.

\*\*\*

3

    14.    The Definitions section of the Policy provides, in pertinent part:

## DEFINITIONS
\*\*\*

**4. "Business"** means any full or part-time activity arising out of or related to any trade, profession or occupation of any **"insured"**.
\*\*\*

**9. "Insured"** means:
a. The **"member"**
b. Spouse when a resident of the same household; and
c. Residents of your household who are:
    (1) **Your** relatives; or
    (2) Other persons under the age of 21 and in case of any person named above.

**10. "Insured location"** means:
    a. The **"residence premises"**;
\*\*\*

**11. "Member"** means the owner of the policy who is the person who meets all eligibility requirements for membership and whose membership number is shown in the Declarations of this policy.
\*\*\*

**14. "Occurrence"** means an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in:
    a. **"Bodily injury"**; or
    b. **"Property damage"**.
\*\*\*

**18. "Property damage"** means physical damage to, or destruction of tangible property, including loss of use of this property.
\*\*\*

**19. "Residence Premises"** means:
    1. The one family dwelling, other structures, and grounds; or
    2. That part of any other building;
Where you reside and which is shown as the **"residence premises"** in the Declarations.
\*\*\*

    15.    Upon information and belief, Defendant Trask owns and operates several businesses in the Beaufort County, South Carolina.

    16.    Upon information and belief, 209 West Street, 221 West Street, and 701 Bay Street are located in Beaufort, South Carolina.

## THE UNDERLYING INCIDENT

    17.    Plaintiff repeats and realleges the allegations above as if set forth verbatim below.

4

18. On July 17, 2023, Defendants 303 Associates and Beaufort Inn filed suit in the Beaufort County Court of Common Pleas against Defendant Trask, Civil Action No. 2023-CP-07-01405 (hereinafter, "the Underlying Complaint").

19. The Underlying Complaint alleges that, for the last decade, the Defendants 303 Associates and Beaufort Inn have been planning for a downtown hotel, parking garage, and apartment building in Beaufort, South Carolina.

20. The Underlying Complaint alleges Defendant Trask was initially supportive of the development plans and was interested in partnering with Defendants 303 Associates and Beaufort Inn.

21. However, the Underlying Complaint alleges that in January 2021, Defendant Trask had a falling out with Defendants 303 Associates and Beaufort Inn.

22. The Underlying Complaint alleges Defendant Trask discovered that Defendants 303 Associates' and Beaufort Inn's development plans might damage his business ventures; and so he allegedly began to engage in a "concerted effort" to delay and stop these plans from taking place through legal means and through a "hearts and minds" approach to win the public's favor.

23. The Underlying Complaint alleges causes of action for abuse of process, civil conspiracy, intentional interference with prospective contractual relations, violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), and malicious prosecution, all of which require a showing of intentionality or purpose.

24. The Underlying Complaint alleges Defendant Trask's acts and omissions have caused the Plaintiffs the following losses: (1) "[y]ears of net profit from customer room and facility rentals in the new Hotel caused by the delays;" (2) "[i]increased construction costs caused by the delays as such costs have increased through inflation over time;" (3) "[h]igher financing

costs caused by the delays as interest rates have gone up;" (4) "[d]efense costs of the lawsuits; and (5) "other damages proximately caused by Defendants' tortious conduct."

25. The Underlying Complaint seeks actual damages, punitive damages, treble damages, and attorneys' fees against Defendant Trask for the above-listed losses, amounting to around $120,681,291, including treble damages under the SCUTPA claim.

## FOR A FIRST DECLARATION

26. Plaintiff repeats and realleges the paragraphs above as if set forth verbatim below.

27. The Underlying Complaint alleges damages for lost profits, increased construction costs, higher financing costs, and defense costs, all of which are purely economic damages.

28. The Underlying Complaint contains no allegations that Defendant Trask's actions physically damaged or destroyed Defendants 303 Associates' or Beaufort Inn's tangible property or caused loss of use thereof.

29. The Policy provides personal liability coverage for "property damage" for which the insured is legally liable.

30. The Policy defines "property damage" as "physical damage to, or destruction of tangible property, including loss of use of this property."

31. Therefore, Plaintiff is entitled to a declaration that Defendant Trask is not entitled to Personal Liability Coverage under the Policy issued by Plaintiff arising out of the incident described in the Underlying Complaint, and that Plaintiff has no duty to defend, indemnify, or make payments whatsoever for any claims arising out of the incident described in the Underlying Complaint.

## FOR A SECOND DECLARATION

32. Plaintiff repeats and realleges the paragraphs above as if set forth verbatim below.

33. The Underlying Complaint alleges Defendant Trask discovered that Defendants 303 Associates' and Beaufort Inn's development plans might damage Defendant Trask's business ventures and began to engage in a "concerted effort" to delay and stop these plans from taking place through legal means and through a "hearts and minds" approach to win the public's favor of Defendant Trask's goals.

34. The Underlying Complaint alleges causes of action for abuse of process, civil conspiracy, intentional interference with prospective contractual relations, violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), and malicious prosecution, all of which require a showing of intentionality or purpose.

35. The Policy provides personal liability coverage for damages caused by an "occurrence."

36. The Policy defines an "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions, which results, during the policy period, in bodily injury or property damage."

37. Therefore, Plaintiff is entitled to a declaration that Defendant Graham Trask is not entitled to Personal Liability Coverage under the Policy issued by Plaintiff arising out of the incident described in the Underlying Complaint, and that Plaintiff has no duty to defend, indemnify, or make payments whatsoever for any claims arising out of the incident described in the Underlying Complaint.

**FOR A THIRD DECLARATION**

38. Plaintiff repeats and realleges the paragraphs above as if set forth verbatim below.

39. The Underlying Complaint alleges Defendant Trask discovered that Defendants 303 Associates' and Beaufort Inn's development plans might damage his business ventures and

began to engage in a "concerted effort" to delay and stop these plans from taking place through legal means and through a "hearts and minds" approach to win the public's favor.

40. The Underlying Complaint alleges causes of action for abuse of process, civil conspiracy, intentional interference with prospective contractual relations, violation of the South Carolina Unfair Trade Practices Act ("SCUTPA"), and malicious prosecution, all of which require a showing of intentionality or purpose by the tortfeasor.

41. The Policy excludes personal liability coverage for bodily injury and property damage "which is reasonably expected or intended by an 'insured' even if the resulting 'bodily injury' or 'property damage': (1) is of a different kind, quality or degree than initially expected or intended; or (2) is sustained by a different person, entity, real or personal property, than initially expected or intended."

42. Therefore, Plaintiff is entitled to a declaration that Defendant Trask is not entitled to Personal Liability Coverage under the Policy issued by Plaintiff arising out of the incident described in the Underlying Complaint, and that Plaintiff has no duty to defend, indemnify, or make payments whatsoever for any claims arising out of the incident described in the Underlying Complaint.

**FOR A FOURTH DECLARATION**

43. Plaintiff repeats and realleges the paragraphs above as if set forth verbatim below.

44. The Underlying Complaint alleges Defendant Trask is "in the hospitality business" and is "directly or indirectly" a partial owner of a Best Western hotel located near Defendants 303 Associates' and Beaufort Inn's proposed project site.

45. The Underlying Complaint alleges Defendant Trask started opposing Defendants 303 Associates' and Beaufort Inn's plans "only after 303 refused to allow him to participate in their Projects" and Defendant Trask discovered those plans might damage his business ventures.

46. The Underlying Complaint alleges Defendant Graham Trask determined the development plans "would have a negative financial impact on him."

47. But for the commercial business interests of Defendant Trask, he would not have undertaken the actions alleged in the Underlying Complaint.

48. The Policy excludes personal liability coverage for bodily injury and property damage "arising out of or in connection with a "business" engaged in by any "insured."

49. The Policy defines "business" as "any full or part-time activity arising out of or related to any trade, profession or occupation of any insured."

50. Therefore, Plaintiff is entitled to a declaration that Defendant Graham Trask is not entitled to Personal Liability Coverage under the Policy issued by Plaintiff arising out of the incident described in the Underlying Complaint, and that Plaintiff has no duty to defend, indemnify, or make payments whatsoever for any claims arising out of the incident described in the Underlying Complaint.

**FOR A FIFTH DECLARATION**

51. Plaintiff repeats and realleges the paragraphs above as if set forth verbatim below.

52. The Underlying Complaint alleges the properties involved in the underlying action include: 209 West Street; 221 West Street; and 701 Bay Street, in Beaufort, South Carolina.

53. The Policy excludes personal liability coverage for bodily injury or property damage arising "arising out of a premises: (1) owned by any 'insured'; or (2) rented to any 'insured'; or (3) rented to others by any 'insured'; that is not an 'insured location.'"

54. The Policy defines an "insured location" as the "residence premises."

55. The Policy defines the "residence premises" as the one family dwelling or other building "where you reside and which is shown" on the Declarations page of the Policy.

56. The Policy lists 68 Fiddlers Bridge Road, Staatsburg, New York as the residence premises on the Declarations.

57. Therefore, Plaintiff is entitled to a declaration that Defendant Graham Trask is not entitled to Personal Liability Coverage under the Policy issued by Plaintiff arising out of the incident described in the Underlying Complaint, and that Plaintiff has no duty to defend, indemnify, or make payments whatsoever for any claims arising out of the incident described in the Underlying Complaint.

**FOR A SIXTH DECLARATION**

58. Plaintiff repeats and realleges the paragraphs above as if set forth verbatim below.

59. The Underlying Complaint seeks punitive and treble damages.

60. The Policy excludes liability coverage for "punitive or exemplary damages, fines, or penalties."

61. Therefore, Plaintiff is entitled to a declaration that Defendant Graham Trask is not entitled to Personal Liability Coverage under the Policy issued by Plaintiff arising out of the incident described in the Underlying Complaint, and that Plaintiff has no duty to defend, indemnify, or make payments whatsoever for any claims arising out of the incident described in the Underlying Complaint.

**WHEREFORE**, Plaintiff prays that the Court inquire into these matters and declare that the Policy provides no coverage for any claims arising out of the incident described in the Underlying Complaint, and that Plaintiff has no duty to defend, indemnify, or make any payments

whatsoever for any claims arising out of the incident described in the underlying complaint, together with such other and further relief as the Court may deem proper.

                                                       MURPHY & GRANTLAND, P.A.

                                                       *s/J.R. Murphy*
                                                       J.R. Murphy, Esquire
                                                       (Fed. Bar No.: 3119)
                                                       Murphy & Grantland, P.A.
                                                       P.O. Box 6648
                                                       Columbia, South Carolina 29260
                                                       (803) 782-4100
                                                       jrmurphy@murphygrantland.com
                                                       Attorney for the Plaintiff

Columbia, South Carolina
August 21, 2025